IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACKSIDE, INC.<br><br>Plaintiff,<br><br>v.<br><br>CHAD S. ARRINGTON, d/b/a<br>PRIMARYSOURCE and/or<br>PRIME MEDIA<br><br>Defendant. | Case No. 05-2063 |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Blackside, Inc. moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of Default Judgment against Defendant Chad S. Arrington. Plaintiff filed the above captioned lawsuit against the Defendant on October 19, 2005. Defendant was served pursuant to Cal. Civil Code § 415.20(b) on November 9, 2005. *See* Declaration Re Diligence by Tony Klien and Return of Service, attached hereto as Exhibit "A".[1] Defendant failed to plead or otherwise defend this action within the twenty (20) days required by Fed. R. Civ. P. 12(a)(1)(A) (*i.e.*, on or before November 30, 2005). As of January 12, 2006 Plaintiff has not been served with an answer or motion to dismiss, and upon information and belief, Defendant has not requested any extension of time to do so. *See* Declaration of Anthony T. Pierce, attached hereto as Exhibit "B" at ¶ 2. Neither Plaintiff, nor its counsel of record has been contacted by Defendant or any attorney or

---

[1] Plaintiff also attempted personal service pursuant to Cal. Civ. Code § 415.10 by serving Defendant at his last known places of residence. *See* Ex. A, Klien Decl. When efforts to personally serve Defendant became futile, service was effected by the method described above. In addition to the formal service of the lawsuit, Defendant received formal notice of Plaintiff's assertion of its copyrights prior to the commencement of the lawsuit, as detailed in Plaintiff's Complaint at ¶¶ 22 to 24.

other person claiming to represent Defendant. *Id.* at ¶ 2. Accordingly, Defendant having been duly served with notice of this lawsuit, and having failed to answer or otherwise respond to the same, Plaintiff is entitled to the entry of Default.

Plaintiff, the holder of copyrights associated with the award-winning television documentary series *Eyes on the Prize I & II* about the Civil Rights Movement, brought this suit to enjoin Defendant from illegally selling unauthorized DVD copies of Plaintiff's copyrighted material over the internet, and seeking damages for infringing sales already made.[2] In addition to bringing claims for copyright violations, Plaintiff asserts that in selling these unauthorized copies, Defendant has violated numerous trademark laws, as well as the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

Besides the one specific sale described in the Complaint, Plaintiff currently has only general information regarding other infringing sales by Defendant Arrington. However, Defendant has a website – *www.eyesontheprize.info* - through which he offers the entire fourteen-episode set of *Eyes on the Prize* for sale. In addition, Defendant frequently lists illegal DVD copies of *Eyes on the Prize* for sale/auction on eBay and through other online auction sites specifically identified on his website. Through both his website and eBay, Defendant has the ability to process multiple orders by accepting credit card payments. Thus, while Plaintiff seeks damages related to the single infringing sale of one (1) DVD set containing each of the fourteen (14) copyrighted television programs that Defendant illegally copied and sold, Plaintiff has good cause to believe that

---

[2] *Eyes on the Prize* has never been commercially released on DVD, and therefore all DVD copies offered for sale are illegal.

Defendant may have sold hundreds, if not thousands, of unauthorized copies of the *Eyes on the Prize* series.[3]

Plaintiff requests the statutory maximum penalty for each separate violation of the Copyright Act that was established in Plaintiff's Complaint. The sale described in the Complaint involved sale of each of fourteen (14) separately copyrighted episodes of *Eyes on the Prize*. Under the United States copyright laws, 17 U.S.C. 504(c)(2), Plaintiff is entitled to statutory damages of $150,000 for each of these fourteen (14) violations – for a total of $2.1 million in compensatory damages. Plaintiff also seeks injunctive relief, and any other remedy the Court sees fit to prevent Defendant from further injuring Plaintiff through continued illegal sales of Plaintiff's copyrighted works and operation of Defendant's infringing and deceptive website. Finally, Plaintiff requests punitive damages in the sum of $10 million for the flagrant acts committed by Defendant, this sum being appropriate in light of the Defendant's flagrant violation of law, the historical importance of the infringed works, and Defendant's refusal to cease his illegal activities even after receiving notice from Plaintiff prior to the filing of this lawsuit.

Accordingly, Plaintiff moves that a default judgment be entered against Defendant in the amount of $12,100,000.00 plus pre and post judgment interest, and for an injunction enjoining Defendant from infringing on Plaintiff's copyrights or other

---

[3] Shortly after Plaintiff effected service on the Defendant, a series of identical infringing sales were carried out through eBay under terms that were designed to close the transactions quickly, before Plaintiff could go through the proper channels to have those sales blocked. Plaintiff purchased the offered DVDs through one of these sales, and the physical similarities and other facts surrounding that sale give Plaintiff good cause to believe that this series of sales was conducted by Defendant in an effort to unload his current stock of infringing products. *See* Pierce Decl., Ex. B., at ¶ 3. This "fire sale" apparently conducted by Defendant is evidence not only that Defendant received notice of this lawsuit, but also of his propensity to flagrantly violate the law. While Plaintiff does not, in this action, seek specific damages related to these additional sales (reserving its rights to do so in a separate action), this circumstantial

intellectual property, and ordering Defendant or his agents to immediately turn custody and control of the "eyesontheprize.info" domain over to Plaintiff.

Dated: January 20, 2006.

                        Respectfully submitted,

By: _____
Anthony T. Pierce, D.C. Bar No. 415263
Tobias E. Zimmerman, D.C. Bar No. 475202
AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
202.887.4000
202.887.4288 fax

---

evidence of Defendant's conduct should be considered with respect to Plaintiff's request for injunctive and punitive relief.

## CERTIFICATE OF MAILING AND SERVICE

I, Anthony T. Pierce, certify that on January 20, 2006, I caused to be mailed first class, postage prepaid, original copies of this Motion to:

Chad Arrington
2342 Shattuck Avenue
Berkeley CA, 94704

I, Anthony T. Pierce, further certify that on January 20, 2006, I caused to be delivered electronically true and correct copies of this Motion to Defendant Chad Arrington at his various email addresses including: questions@eyesontheprize.info, chadonline@msn.com, and primemediaonline@msn.com.

Signed:

Anthony T. Pierce, D.C. Bar No. 415263
AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
202.887.4000
202.887.4288 fax

# EXHIBIT A

Anthony T. Pierce, Esq. DC Bar No. 415263
Tobias E. Zimmerman, Esq. (DC Bar No. 475202
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
Telephone: 202/887-4000

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF COLUMBIA

BLACKSIDE, INC.,
    Plaintiff,

vs.

CHAD S. ARRINGTON, d/b/a PRIMARYSOURCE and/or PRIME MEDIA,
    Defendant(s).

CASE NUMBER: 1:05CV02063
JUDGE: Rosemary M. Collyer
DECK TYPE: General Civil
DATE STAMP: 10/20/2005

## DECLARATION RE DILIGENCE

I, Tony Klein, declare:
I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entities:

**CHAD S. ARRINGTON, d/b/a PRIMARYSOURCE and/or PRIME MEDIA**

I was on the dates herein mentioned over the age of eighteen years and not a party to the above-entitled action. I am authorized to serve legal process in the state of California. The following facts are within my personal knowledge and if sworn as a witness I can and will truthfully and competently testify thereto.

I attempted personal service on the following dates and times with the following results:

| Residence Address: | Dates and Times | Result |
|---|---|---|
| 6938 Lockwood Street<br>Oakland, CA | November 7, 2005 @ 6:15 PM | No longer lives there per mother |
| **Business Address:**<br>48 Shattuck Avenue, Ste. 11<br>Berkeley, CA | November 7, 2005 @ 5:00 PM | Unknown there per Mgr. of Copy Central, a business that used to have private mailboxes 4 years ago |
| 2342 Shattuck Avenue, #251<br>Berkeley, CA | November 8, 2005 @ 3:27 PM<br>November 9, 2005 @ 11:50 AM | Not in, per Clerk<br>Not in, sub served |

    I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and this declaration is executed on November 9, 2005 at San Francisco, California.

Capitol Process Services, Inc.
1827 – 18th St., NW
Washington, DC 20009
800/243-8773

_____
Tony Klein

## DECLARATION RE DILIGENCE

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

BLACKSIDE, INC.

Plaintiff,

V.

CHAD S. ARRINGTON, d/b/a PRIMARYSOURCE and/or PRIME MEDIA

Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMB

CASE NUMBER   1:05CV02063

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 10/20/2005

TO: (Name and address of Defendant)

CHAD S. ARRINGTON, d/b/a PRIMARYSOURCE and/or PRIME MEDIA
2342 Shattuck Avenue
Suite 251
Berkeley, CA 94704

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Anthony T. Pierce, D.C. Bar No. 415263
Tobias E. Zimmerman, D.C. Bar No. 475202
AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON       OCT 20 2005
CLERK                                                              DATE

_(signature)_
(By) DEPUTY CLERK

**CCP § 415.20 Substituted Service**

(a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

**17538.5 Service at a Commercial Mail Receiving Agency**

(a) It is unlawful in the sale or offering for sale of consumer goods or services for any person conducting, any business in this state which utilizes a post office box address, a private mailbox receiving service, or a street address representing a site used for the receipt or delivery of mail or as a telephone answering service, to fail to disclose the legal name under which business is done and, except as provided in paragraph (2) of subdivision (b), the complete street address from which business is actually conducted in all advertising and promotional materials, including order blanks and forms. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both.

(b) (1) This section shall not apply to a person who sells the preponderance of goods and services at retail from trade premises which are open to the public regularly during normal business hours where the post office box or telephone answering service is supportive of and ancillary to the sales made or to any person who provides services pursuant to a license issued pursuant to this code or any other provision of law by a state board or agency or, except for a person conducting a mail order or catalog business, by a city or county or city and county in this state, which has the person's current business street address or home address on record and which is authorized to reveal that address to inquiring persons. (2) If a person conducts a business described in subdivision (a) from that person's residence, the person is not required to disclose the residence address if both of the following conditions are satisfied: (A) The person's current business street address or home address is contained in a United States Postal Service (USPS) Form 1583 that is filed with the USPS. (B) The person has signed an acknowledgement form substantially in accordance with the provisions set forth in subdivision (f) which, among other things, authorizes the commercial mail receiving agency to act as that person's agent for service of process.

(c) A commercial mail receiving agency (CMRA) shall not provide private mailbox receiving service to any customer until it obtains from that customer at least two pieces of identification regarding that customer and provides to that customer an acknowledgment, as set forth in subdivision (f), which (1) acknowledges the obligation to advise the CMRA of any change in address, (2) authorizes the CMRA to act as an agent for service of process, and (3) acknowledges the requirements of Sections 17200 and 17500, which prohibit unfair competition and false advertising. The commercial mail receiving agency shall thereafter maintain a copy of any United States Postal Service Form 1583 for each mailbox service customer, along with a copy of each of the two pieces of identification used by the customer, for a period of two years after the termination of service to that customer. Upon the request of the Department of Consumer Affairs or any law enforcement agency conducting an investigation, the commercial mail receiving agency shall make available to the Department of Consumer Affairs or that law enforcement agency, for purposes of that investigation and copying, its copy of the United States Postal Service Form 1583 and the two pieces of identification used by the customer.

(d) (1) Every person receiving private mailbox receiving service from a CMRA in this state shall be required to sign an agreement, along with a USPS Form 1583, which authorizes the CMRA owner or operator to act as agent for service of process for the mail receiving service customer. Every CMRA owner or operator shall be required to accept service of process for and on behalf of any of their mail receiving service customers, and for two years after termination of any mail receiving service customer agreement. Upon receipt of any process for any mailbox service customer, the CMRA owner or operator shall (A) within 48 hours after receipt of any process, place a copy of the documents or a notice that the documents were received into the customer's mailbox or other place where the customer usually receives his or her mail, unless the mail receiving service for the customer was previously terminated, and (B) within five days after receipt, send all documents by first-class mail, to the last known home or personal address of the mail receiving service customer. The CMRA shall obtain a certificate of mailing in connection with the mailing of the documents. Service of process upon the mail receiving service customer shall then be deemed perfected 10 days after the date of mailing. If the CMRA owner or operator has complied with the foregoing requirements and provides to any party participating in a lawsuit involving a mail receiving service

customer a declaration of service by mail, given under penalty of perjury along with a certificate of mailing, the CMRA owner or operator shall have no further liability in connection with acting as agent for service of process for its mail receiving service customer. (2) Upon complaint or inquiry concerning any CMRA mail receiving service customer, the CMRA owner or operator shall inform the person making the complaint or inquiry that the CMRA is an authorized agent for service of process on the mail receiving service customer. (3) Upon presentation of a certified copy of a judgment, the CMRA shall disclose to the judgment creditor the last known address of any of its mail receiving service customers against whom the judgment was obtained.

(e) An owner or operator of a CMRA who, acting in good faith, contacts a governmental agency concerning suspected illegal or fraudulent activities carried out by a mail receiving service customer shall have no liability for claims filed by the customer arising out of that contact. No owner or operator of a commercial mail receiving agency that maintains on file a copy of the United States Postal Service Form 1583 for its private mailbox receiving service customers and complies with subdivision (c) shall be liable for any illegal acts of any mail receiving service customer based only on the fact that the owner or operator of the CMRA provided mail receiving services to the customer.

(f) The following acknowledgement and notice, substantially in the form set forth below, shall be delivered to each person obtaining private mailbox receiving service at a CMRA:
"ACKNOWLEDGEMENT BY PRIVATE MAILBOX SERVICE CUSTOMERS This acknowledgement is required by Section 17538.5 of the Business and Professions Code. Any person obtaining private mailbox receiving service in the State of California must read and acknowledge receipt of the following statement, which is to be kept on file at this CMRA and will be made available, upon demand, to the Department of Consumer Affairs or any law enforcement agency conducting an investigation. By requesting and obtaining use of a private mailbox receiving service in the State of California, I acknowledge that: 1. I am obligated to disclose my actual home address or place of residence on a USPS Form 1583 or other form as may later be developed and I further agree that I will provide prompt written notice to this CMRA of any subsequent change in my home address or place of residence. 2. By signing below, I irrevocably authorize this CMRA to act as my agent for service of process to receive any legal documents that may be served upon me. This authorization shall continue from the date of this agreement until two years after my mail receiving service has been terminated. I understand that this CMRA will (A) place a copy of the documents or a notice that the documents were received into my mailbox or other place where I usually receive my mail, unless my mail receiving service has been terminated, and (B) send all documents by first-class mail to the home or other address last known to the CMRA. 3. I further acknowledge that I understand that use of a private mailbox receiving service for commercial purposes in the State of California requires the user to comply with all applicable laws, including Section 17538.5 of the Business and Professions Code and laws prohibiting unfair competition and false advertising as set forth in Sections 17200 and 17500 of the Business and Professions Code. Violation of these laws may result in criminal or civil penalties or both. I understand that the United States Postal Service Form 1583 that must be prepared for each private mailbox receiving service customer shall be delivered to the local United States Post Office and a copy of the form must be retained by this CMRA and made available upon demand to the Department of Consumer Affairs or any law enforcement agency conducting an investigation. I hereby agree to accept and abide by the foregoing requirements. _____
_____ Date Signature _____ Name
Printed _____ Street Address _____ City State Zip"

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACKSIDE, INC.<br><br>Plaintiff,<br><br>v.<br><br>CHAD S. ARRINGTON, d/b/a<br>PRIMARYSOURCE and/or<br>PRIME MEDIA<br><br>Defendant. | Case No. 05-2063 |

### DECLARATION OF ANTHONY T. PIERCE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT

COMES NOW, Anthony T. Pierce, and declares as follows:

1. I am an attorney of record for the Plaintiff, Blackside Inc., in the above-entitled case.

2. No appearance has been entered by the Defendant to this action, nor has any pleading, motion or other document been filed and/or served upon the Plaintiff, me, or my law firm. I have not been contacted by Defendant, or any attorney or other person claiming to represent Defendant. To the best of my knowledge, no other person at my law firm, nor any other person affiliated with the Plaintiff, has been contacted by the Defendant or any representative of the Defendant.

3. In the time between November 9, 2005, when the Defendant was served with the Complaint in this action, and the filing of the accompanying Motion for Default, a series of identical infringing sales were carried out through eBay under terms that were designed to close the transactions quickly. Because these sales closed quickly (often

within less than an hour), I was unable to block the consummation of those transactions through eBay's normal process for Verified Rights Owners.

4. My law firm purchased one of the DVD sets that was offered on eBay in the period after Defendant was served. The DVDs received through this sale resemble the DVDs described in the Complaint in every way. The physical similarities and other facts surrounding that sale give me good cause to believe that this series of sales was conducted by Defendant in an effort to unload his current stock of infringing products following his receipt of notice of this lawsuit.

I hereby declare under the penalty of perjury that the foregoing is true to the best of my information, knowledge and belief.

Signed this 20th day of January 2006 at Washington, D.C.

Anthony T. Pierce, D.C. Bar No. 415263
AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
202.887.4000
202.887.4288 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLACKSIDE, INC.

Plaintiff,

v.

CHAD S. ARRINGTON, d/b/a
PRIMARYSOURCE and/or
PRIME MEDIA

Defendant.

Case No. 05-2063

### [PROPOSED] ORDER

It appearing that the above-named Defendant has failed to plead or otherwise defend this action though duly served with summons and copy of complaint on the ninth day of November, 2005, and an affidavit on behalf of the plaintiff (s) having been filed, it is this ___ day of January, 2006, declared that Defendant herein is in default.

As a result of Defendant's default in this matter, the Court Orders:

1. Defendant pay Plaintiff statutory damages in the amount of $2.1 million;

2. Defendant pay Plaintiff punitive damages in the amount of $10 million;

3. Defendant is enjoined from further infringing on any of Plaintiff's copyrighted or trademarked works;

4. Defendant is enjoined from further use of the Internet domain "eyesontheprize.info" and is hereby ordered to turn custody and control of that domain over to Plaintiff, and to take all actions necessary and proper to transfer registration of that domain with the relevant entities and authorities over to Plaintiff.

IT IS SO ORDERED.

_____
Judge Rosemary M. Collyer