**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BLACKSIDE, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD S. ARRINGTON, d/b/a<br>PRIMARYSOURCE and/or<br>PRIME MEDIA<br><br>    Defendant. | Case No. 05-2063 |

### PLAINTIFF'S ERRATA ON MOTION FOR DEFAULT JUDGMENT

Plaintiff Blackside, Inc. ("Blackside") hereby submits two exhibits that were inadvertently omitted from its April 14, 2006 filing of its Motion to For Default Judgment. These exhibits, *Infotext, Inc. v. Chad Arrington, et. al.*, No. 97-1506-L(LSP), slip op. (S.D. Cal. Nov. 1, 2001) (Memorandum Decision and Order of Default Judgment And Damages After Ninth Circuit Remand) and *Infotext, Inc. v. Liberty Financial Credit*, No. 98-55649, 2000 U.S. App. LEXIS 31183, Copy L. Rep. (CCH) ¶ 28,197 (9th Cir. Dec. 4 2000) (unpublished), were cited on page 8 of Plaintiff's Motion as "Exhibit A" and "Exhibit B" respectively.

Dated April 19, 2006     Respectfully submitted

By: _____
   Anthony T. Pierce, D.C. Bar No. 415263
   Tobias E. Zimmerman, D.C. Bar No. 475202
   AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
   1333 New Hampshire Ave, N.W.
   Washington, D.C. 20036
   202.887.4000
   202.887.4288 fax

# EXHIBIT A

FILED

01 NOV 21 PM 3:03

CLERK, U.S. [...]
SOUTHERN DISTRICT OF CALIFORNIA

BY: [signature] DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOTEXT, INC.,<br><br>                    Plaintiff,<br>vs.<br><br>CHAD ARRINGTON, et al.,<br><br>                    Defendants. | CASE NO. 97-CV-1506-L(LSP)<br><br>MEMORANDUM DECISION AND ORDER ON DEFAULT JUDGMENT AND DAMAGES AFTER NINTH CIRCUIT REMAND |

Background

In February 1998, Judge Enright granted plaintiff's motion for entry of default judgment against three defendants in this copyright infringement action. (Plaintiff voluntarily dismissed the fourth defendant from the first amended complaint). As required by the rules governing default judgments, the court accepted as true the complaint's allegations that defendants had infringed plaintiff's copyright on the Second Social Security Number Guide. The court concluded that plaintiff's booklet was fraudulent material because it falsely suggested that a customer could evade a negative credit history by obtaining a second social security number. Indeed, the United States Post Master General had ordered defendants to cease and desist selling their similar booklet through the mails because it was fraudulent. Nonetheless, the fraudulent content of the booklet did not preclude plaintiff from obtaining protection under the copyright laws. Belcher v. Tarbox, 486 F.2d 1087, 1088 (9th Cir. 1973).

The court conducted an evidentiary hearing to allow plaintiff to prove the amount of damages.

1  Although plaintiff sought nearly $200,000 in actual damages, the court awarded statutory damages of
2  $500. The court also issued a permanent injunction.
3  Plaintiff appealed the damages award. The Ninth Circuit agreed with plaintiff that it was
4  entitled to recover actual damages and lost profits. The Ninth Circuit vacated the damages award and
5  remanded the matter for re-calculation of damages. The Ninth Circuit directed the district court to (1)
6  disregard the false and fraudulent nature of plaintiff's work, (2) address the actual sales figures
7  provided by plaintiff as providing the market value, and (3) award profits earned by the infringing
8  defendants. In all other respects (for example, granting plaintiff's motion for entry of default
9  judgment, the scope of the permanent injunction, and the release of the bond), Judge Enright's order
10 remains valid.
11 Because Judge Enright is not available, the case was randomly re-assigned to this court. The
12 court has reviewed the record, including the exhibits submitted by plaintiff at the original hearing. The
13 court has re-calculated the measure of damages as instructed by the Ninth Circuit.

14                                    Discussion

15 (1) Plaintiff's Lost Sales
16 Plaintiff is entitled to recover "the actual damages suffered by him or her as a result of the
17 infringement." 17 U.S.C. § 504(b). Plaintiff contends it lost sales in San Francisco, Los Angeles, and
18 Miami after defendants entered those markets with their own product. Plaintiff used its sales figures
19 from 1996 to extrapolate the sales it would have made in those markets through September 1997
20 ($36,987.20 in California and $5,649.21 in Florida). Mitchell Decl. ¶ 3-7. As these damages are
21 attributable to the defendants' infringement, the court awards lost sales damages in the amount of
22 $42,636.41.
23 (2) Defendants' Profits
24 The Copyright Act allows a plaintiff to recover "any profits of the infringer that are attributable
25 to the infringement and not taken into account in computing the actual damages." 17 U.S.C. § 504(b).
26 The plaintiff need only present evidence of the infringer's gross revenue, because defendants bear the
27 burden of proving any appropriate deductions. Plaintiff seeks $18,338.93 for the profits earned by the
28 defendants between May and September 1997. Dube Decl. ¶ 5-6; Plaintiff's Ex. B & C. Because

1  defendants have failed to prove that these sums should be reduced, the court awards plaintiff
2  $18,338.93 for this item of damages.
3     The court denies plaintiff's request for damages related to the cease and desist order because
4  plaintiff failed to prove a causal connection between the action of the post office and the copyright
5  infringement. In any event, plaintiff disclaimed any intent to recover such damages. Mitchell Decl.
6  ¶ 9 ("this figure will not be added to the total amount of damages, but merely supports my contention
7  that damages will continue to accrue").
8     Finally, the court denies as duplicative the request for $66,981.48 for damages allegedly caused
9  by virtue of the lower selling price of defendants' product. Defendants sold the booklet for $49, while
10 plaintiff sold its material for $100. A customer who purchased defendants' product at the lower price
11 is necessarily a sale lost to plaintiff and one gained by defendants; therefore, plaintiff has been made
12 whole by the other elements of the damages award.
13    In sum, the court awards a total of $42,636.41 for lost sales and $18,338.93 for defendants'
14 profits for a total of $60,975.34.

## Conclusion

16    Upon remand from the Ninth Circuit and consistent with Judge Enright's prior order (filed
17 February 24, 1998), the court confirms that plaintiff's motion for entry of default judgment against the
18 three remaining defendants is granted. The court awards plaintiff $60,975.34 in damages, jointly and
19 severally, against defendants Chad Arrington, Eric Chen, and Shirley Rodriques. The court also
20 confirms that defendants Chad Arrington, Eric Chen, and Shirley Rodriques are permanently enjoined
21 from reproducing, selling, or distributing their products, to the extent that they infringe plaintiff's
22 copyright. The clerk shall enter judgment in favor of plaintiff.
23 DATED: Nov 21, 2001

M. JAMES LORENZ, Judge
United States District Court

Copies to: Lead Attorney for All Parties of Record

# EXHIBIT B

1 of 2 DOCUMENTS

**INFOTEXT, INCORPORATED, a Delaware corporation, Plaintiff-Appellant, v. LIBERTY FINANCIAL CREDIT, an unknown entity; NATIONAL CREDIT CARD SERVICES, an unknown entity, aka NCCS; ARNOLD RICARDO, an individual; ERIC PENN, an individual; WILLIAM FULLER, an individual, Defendants and CHAD ARRINGTON, dba LIBERTY FINANCIAL CREDIT SERVICES, dba NATIONAL CREDIT CARD SERVICES; ERIC B. CHEN, an individual; SHIRLEY RODRIGUES, an individual, Defendants-Appellees.**

No. 98-55649

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2000 U.S. App. LEXIS 31183; Copy. L. Rep. (CCH) P28,197

**November 16, 2000 n2, Submitted, Pasadena, California**

n2 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a) (2)

**December 4, 2000, Filed**

**NOTICE:** [*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 2000 U.S. App. LEXIS 37284.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of California. D.C. No. CV-97-01506-WBE. William B. Enright, District Judge, Presiding.

**DISPOSITION:** VACATED AND REMANDED.

**COUNSEL:** For INFOTEXT, INCORPORATED, Plaintiff - Appellant: Douglas A. Dube, Esq., LAW OFFICE OF DOUGLAS A DUBE, Jamul, CA.

For LIBERTY FINANCIAL CREDIT, Defendant: Liberty Financial, Berkeley, CA.

For NATIONAL CREDIT CARD SERVICES, WILLIAM FULLER, Defendants: No Appearance.

ARNOLD RICARDO, Defendant, Pro se, Montebello, CA.

ERIC PENN, Defendant, Pro se, Whittier, CA.

For CHAD ARRINGTON, Defendant-Appellee: Horace Ricardo Caballero, Esq., LAW OFFICES OF HORACE R. CABALLERO, San Diego, CA.

ERIC B. CHEN, Defendant - Appellee, Pro se, Berkeley, CA.

SHIRLEY RODRIGUES, Defendant - Appellee, Pro se, Oakland, CA.

**JUDGES:** Before: CANBY, McKEOWN, and PAEZ, Circuit Judges.

**OPINION:**

MEMORANDUM n1

n1 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[*2]

Infotext, Inc., appeals an award of $500 in statutory copyright damages following a default judgment in its favor. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand to the district court for a new determination of damages.

The district court erred in granting statutory damages

Case 1:05-cv-02063-RMC   Document 11   Filed 04/19/2006   Page 8 of 9

Page 2
2000 U.S. App. LEXIS 31183, *2; Copy. L. Rep. (CCH) P28,197

because Infotext did not elect to receive statutory (rather than actual) damages. The 1976 Copyright Act leaves it to the copyright owner–not the court–to elect whether to receive statutory in lieu of actual damages. See 17 U.S.C. § 504(c)(1) ("The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . ."); 2 Paul Goldstein, Copyright § 12.2 (2000 Supp.) ("Recovery of statutory damages is entirely at the copyright owner's election.").

The district court also ruled that Infotext was not entitled to an award of actual damages. This ruling rested on several incorrect legal premises.

First, and most importantly, the district court's conclusion that Infotext's work was "fraudulent" is not relevant to a determination either of copyrightability [*3] under 17 U.S.C. § 102 or to a calculation of actual copyright damages. See Belcher v. Tarbox, 486 F.2d 1087, 1088 (9th Cir. 1973) ("There is nothing in the Copyright Act to suggest that the courts are to pass upon the truth or falsity, the soundness or unsoundness, of the views embodied in a copyrighted work."); see also id. at 1089 (remanding to district court for a determination of damages and attorney's fees even after a finding that plaintiff's work was "false and fraudulent material").

Second, the district court substituted its own subjective view of the value of Infotext's work for a determination of the actual market value. The district court determined that Infotext's work was essentially worthless because it was both fraudulent and duplicative of material freely available from the Social Security Administration. In calculating actual damages, the district court should have addressed the actual sales figures provided by Infotext, rather than relying on its own personal judgment regarding the merits of Infotext's work. See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 512 (9th Cir. 1985) [*4] ("Actual damages are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement."); Id. (market value is defined as "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiff's work.") (citing Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157, 1174 (9th Cir. 1977)).

Finally, the district court erred in its determination that Infotext was not entitled to defendants' profits. The Copyright Act directs that a plaintiff who has successfully established liability is entitled to

> any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b). Here, the district court determined that Infotext was not entitled to the defendants' profits because [*5] such an award would amount to "double recovery." This conclusion was incorrect, however, because the district court had awarded no actual damages which an award of profits would duplicate. Nor did the district court determine which, if any, profits of the infringer were "not taken into account in computing actual damages."

In evaluating the infringer's profits, the infringer— not the copyright owner—carries the burden of deducting costs from its gross revenues. See 17 U.S.C. § 504(b); Cook v. Robbins, 232 F.3d 736, 2000 U.S. App. LEXIS 29168, 2000 WL 1707866, *4-*6 (9th Cir. 2000); Eales v. Environmental Lifestyles, Inc., 958 F.2d 876, 881 (9th Cir. 1992), abrogated on other grounds by Hunt v. Pasternack, 179 F.3d 683 (9th Cir. 1999). A corollary to this rule is that "any doubt as to the correctness of the profit calculation should therefore be resolved in favor of the plaintiff." Eales, 958 F.2d at 881. Here, the district court incorrectly resolved all doubts in favor of the defendants.

The award of $500 in statutory damages is vacated, and the case is remanded for the district court for a new determination of damages. [*6]

**VACATED AND REMANDED.**

2 of 2 DOCUMENTS

**INFOTEXT, INCORPORATED, a Delaware corporation, Plaintiff-Appellant, v. LIBERTY FINANCIAL CREDIT, an unknown entity; NATIONAL CREDIT CARD SERVICES, an unknown entity, aka NCCS; ARNOLD RICARDO, an individual; ERIC PENN, an individual; WILLIAM FULLER, an individual, Defendants and CHAD ARRINGTON, dba LIBERTY FINANCIAL CREDIT SERVICES, dba NATIONAL CREDIT CARD SERVICES; ERIC B. CHEN, an individual; SHIRLEY RODRIGUES, an individual, Defendants-Appellees.**

**No. 98-55649**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**243 F.3d 548; 2000 U.S. App. LEXIS 37284**

**November 16, 2000 n2, Submitted, Pasadena, California**

**n2 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a) (2)**

**December 4, 2000, Filed**

**NOTICE:** [*1] DECISION WITHOUT PUBLISHED OPINION

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of California. D.C. No. CV-97-01506-WBE. William B. Enright, District Judge, Presiding.

Reported in Full-Text Format at: 2000 U.S. App. LEXIS 31183.

**OPINION:**

VACATED AND REMANDED.