IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACKSIDE, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD S. ARRINGTON, d/b/a<br>PRIMARYSOURCE and/or<br>PRIME MEDIA<br><br>    Defendant. | Case No. 05-2063 |

## APPLICATION FOR ATTORNEYS' FEES

Pursuant to this Court's Order of November 15, 2006 [dkt. no. 15], undersigned counsel for the Plaintiff, Blackside, Inc., hereby requests that the Court amend the Judgment granted against Defendant Chad Arrington to include attorneys' fees in the amount of **$89,279.44**. This amount represents the professional time and out-of-pocket expenses expended by Akin Gump Strauss Hauer & Feld in furtherance of this litigation.

Blackside asserts that the requested amount is reasonable. Before filing this lawsuit counsel had to conduct an extensive pre-complaint investigation to identify Defendant, as he is not expressly identified on his infringing website. This investigation included cross-referencing Defendant's "eyesontheprize.info" domain name, and tracing the internet protocol (IP) address of the server on which Defendant's website resided in order to identify his web-hosting service (which turned out to be located in Canada). Further research of public records in California and elsewhere was then conducted to ensure that the correct individual had been identified. Counsel then sent (by various methods) cease-and-desist letters to Defendant and his web hosting service. Once it was clear that Defendant intended to continue his infringement, counsel then prepared

the illustrated Complaint in this action. (Counsel also researched and prepared a motion for a temporary restraining order, but ultimately decided not to file that motion).

Once the Complaint was on file, counsel was then forced to spend considerable time in the attempts to effect service on Defendant, who conducts his illegal activities from a P.O. Box. This required counsel to research California law on service, and to pay for the services of a private investigator, rather than a standard process server. After the Complaint was on file counsel continued to monitor Defendant's illegal activities, including his apparent efforts to sell his stock through eBay. Counsel also obtained the pleadings and unpublished orders from a previous copyright infringement case against Defendant Chad Arrington, including documents relating to the appeal of that case to the Ninth Circuit.

Following Defendant's failure to appear, counsel applied to the clerk for a notice of default, which required research into Defendant's military status. Counsel then researched and prepared a detailed Motion for Default Judgment, accompanied by two declarations, that set forth not only the relevant facts from the Complaint, but also the subsequent acts of the Defendant that supported the requested statutory damages. Following submission of that motion, Plaintiff became aware of new facts relevant to the motion, leading counsel to file a supplemental pleading.

Counsel has now represented Blackside in connection with this matter for over 20 months, and the representation will probably require substantial more work in order to execute that portion of the Court's Order regarding Defendant's domain name, and in tracing Defendant and his assets in an effort to collect on the Court's judgment.

The following is a summary of the time and expenses related to this matter:

**FEES FOR PROFESSIONAL SERVICES**

**Time Billed By Partners**

| | | | | |
|---|---|---|---|---|
| 39.7 hours | @ | $485.00/hr | = | $ 19,254.50 |
| 1.0 hours | @ | $490.00/hr | = | $      490.00 |
| **40.7 hours** | | | | **$ 19,744.50** |

**Time Billed By Counsel & Associates**

| | | | | |
|---|---|---|---|---|
| 0.8 hours | @ | $210.00/hr | = | $      168.00 |
| 13.2 hours | @ | $215.00/hr | = | $   2,838.00 |
| 79.9 hours | @ | $275.00/hr | = | $ 21,147.50 |
| 0.5 hours | @ | $285.00/hr | = | $      142.50 |
| 33.5 hours | @ | $325.00/hr | = | $ 10,887.50 |
| 29.9 hours | @ | $350.00/hr | = | $ 10,465.00 |
| **154.8 hours** | | | | **$ 45,648.50** |

**Time Billed By Summer Associates & Legal Assistants**

| | | | | |
|---|---|---|---|---|
| 1.0 hours | @ | $ 95.00/hr | = | $        95.00 |
| 1.5 hours | @ | $105.00/hr | = | $      157.50 |
| 28.8 hours | @ | $140.00/hr | = | $   4,032.00 |
| **31.3 hours** | | | | **$   4,284.50** |

**TOTAL HOURS:   226.8**
**TOTAL FEES FOR PROFESSIONAL SERVICES:   $ 69,677.50**

**DIRECT DISBURSEMENTS / EXPENSES**

| | |
|---|---|
| Private Investigator & Process Server | $   1,459.85 |
| Electronic Research on Defendant | $   6,541.27 |
| Electronic Research – Legal | $ 11,176.17 |
| Court Fees | $      250.00 |
| Postage / United Parcel Service | $        43.65 |
| E-Bay Purchase of 2d Counterfeit DVD Set | $      130.00 |
| **TOTAL DISBURSEMENTS:** | **$ 19,601.94** |

| | |
|---|---|
| Professional Services: | $ 69,677.50 |
| Direct Disbursements / Expenses: | $ 19,601.94  + |
| **TOTAL REQUESTED ATTORNEYS' FEES:** | **$ 89,279.44** |

These expenditures are supported by the accompanying Declaration of Anthony T. Pierce.

The amount of time billed to this matter is reasonable in light of the complications arising out of Defendant's evasiveness, and the seriousness of his infringing activities. Furthermore, the

3

hourly rates are well within the usual and customary rates for such services in Washington, D.C. Accordingly, Blackside and undersigned counsel assert that the requested amount, $ 89,279.44, is reasonable, and request that this application be granted.

Dated December 15, 2006          Respectfully submitted

By: _____
    Anthony T. Pierce, D.C. Bar No. 415263
    Tobias E. Zimmerman, D.C. Bar No. 475202
    AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
    1333 New Hampshire Ave, N.W.
    Washington, D.C.  20036
    202.887.4000
    202.887.4288 fax

## CERTIFICATE OF MAILING AND SERVICE

I, Tobias E. Zimmerman, certify that on April 14, 2006, I served copies of Plaintiffs

Application for Attorneys' Fees via first-class mail, postage prepaid on:

    Chad S. Arrington
    2342 Shattuck Avenue
    Berkeley CA, 94704

    Tobias E. Zimmerman